```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


                                           CIVIL ACTION
RAYABCO HOLDINGS, LLC

VERSUS                                     NO: 06-4577


MARKEL INTERNATIONAL                       SECTION: "J" (4)
INSURANCE CO.
```

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Partial Summary Judgment. (Rec. Doc. 16). For the reasons stated below, the motion is **DENIED**.

### BACKGROUND

Plaintiff owns a piece of commercial property located at 2900 Elysian Fields in New Orleans. Markel International Insurance Company insured the property which was damaged during Hurricane Katrina. Following the Hurricane, Plaintiff made a claim with Defendant pursuant to the Policy. At issue in the case is whether the co-insurance penalty in the Policy is applicable against the Plaintiff. However, the Plaintiff has

1

moved for partial summary judgment asking this Court to agree with its definition of the words "actual cash value" as used in the insurance contract.

The pertinent parts of the policy are as follows:

**7. Valuation**

> We will determine the value of Covered Property in the event of loss or damage as follows:
>
> a. At actual cash value as of the time of loss or damage, except as provided in b, c, d, and e below.

**F. Additional Condition**

> The following conditions apply in addition to the Common Policy Conditions and the Commercial Policy Conditions.
>
> 1. Coinsurance
>
> If a Coinsurance percentage is shown in the Declarations, the following condition applies.
>
> a. We will not pay the full amount of any loss if the value of the Covered Property at

>     the time of the loss times the Coinsurance
>     percentage shown for it in the Declarations
>     is greater than the Limit of Insurance for
>     the property.

## LEGAL STANDARDS

**A. Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Where both parties agree as to the material facts, disposition by summary judgment is clearly warranted. *See Geosouthern Energy Corp. v. Chesapeake Operating, Inc.*, 274 F.3d 1017, 1020 (5th Cir. 2001) (quoting *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978)).

## DISCUSSION

The two sides disagree as to the meaning of the term "actual cash value." Plaintiff avers that the term should be defined as the fair market value of the property immediately prior to the calamity. The Defendant on the other hand avers that the term is

defined as the replacement cost of the building less depreciation.  The parties agree that the term is not defined in the contract.

In Louisiana, "The words of a contract must be given their generally prevailing meaning.  Words of art and technical terms must be given their technical meaning when the contract involves a technical matter."  LA. CIV. CODE ANN. art. 2047.  The code continues, providing that "Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract."  LA. CIV. CODE ANN. art. 2048.  Finally, "A provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective."  LA. CIV. CODE ANN. art. 2049.

Plaintiff further avers that if the Court cannot determine the meaning of the words, then by law they must be interpreted against the defendant.  "In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text."   LA. CIV. CODE ANN. art. 2056.

### A. The Definition

Plaintiff suggests that when a term is not defined in the

contract, it should be given its ordinary and plain meaning. *See* LA. CIV. CODE ANN. art. 2047. Several Louisiana courts have used *Black's Law Dictionary* when looking for the generally prevailing meaning of a word or term. *E.g. Henry v. S. La. Sugars Coop.*, 957 So. 2d 1275, 1279 (La. 2007). *Black's Law Dictionary* defines the term "actual cash value" as follows:

> "*actual cash value. Insurance.* **1.** Replacement cost minus normal depreciation. **2.** See *fair market value.*"

BLACK'S LAW DICTIONARY 1548 (7th ed. 1999).

Plaintiff cites numerous cases in which it is claimed that the court used a "fair market valuation" as a definition for "actual cash value." However, none of the cases are applicable to this case. Plaintiff relies primarily on two Fifth Circuit cases from the 1970s. In *Lerer Realty Corp. v. MFB Mutual Insurance Co.*, 474 F.2d 410 (5th Cir. 1973), the Fifth Circuit considered the value of a building that was destroyed by a windstorm in Texas. In its decision, the court determined the value of the building under the Texas Insurance Code. Therefore the case in inapposite to this case. Plaintiff's reliance on *Adams Machine and Tool Co. v. MFB Mutual Insurance Co.*, 479 F.2d 439 (5th Cir. 1973) is similarly misplaced. The *Adams* court considered a definition of actual cash value under Georgia law.

The majority of Louisiana cases cited by the Plaintiff do not support his position.  In neither *Bank of Jena v. Robie's Auto Body, Inc.*, 621 So. 2d 136 (La. App. 2 Cir. 1993) nor *Hammett v. New Orleans Diamond Jewelry Wholesalers*, *Inc.*, 580 So.2d 1077 (La. App. 4 Cir. 1991) did the court determine the definition of "actual cash value."  In each case the court considered the proper way to value lost property.  But there was no indication in either case that the court needed to take into account the term "actual cash value."

Likewise, the holding in *Mamou Farm Services v. Hudson Insurance Co.*, 488 So. 2d 259 (La. App. 3 Cir. 1986) is not dispositive in this case, even though it was cited by both parties.  In *Mamou*, the court determined that the replacement cost endorsement was inapplicable against the plaintiff.  The court determined that the appropriate valuation of the property was the "actual cash value at the time of the loss of each insured object" as stated in LA. REV. STAT. ANN. § 22:659.  However, in that case, the court simply agreed that depreciation was one of the factors that a court could consider in determining the actual cash value of a piece of property.  While Plaintiff claims that *Mamou* "is inconsistent with [Defendant's] position," the *Mamou* court did hold that the proper valuation of the

6

property under the "actual cash value" provision was replacement cost less depreciation and other factors. *Mamou Farm Servs.*, 488 So. 2d at 263-64. Therefore it appears clear that the term cannot mean what the plaintiff claims.

It appears clear that the term's generally prevailing meaning is replacement less depreciation. The Louisiana Department of Insurance has defined Actual Cash Value as replacement cost less deprecation,[1] and that is the definition in *Black's Law Dictionary*. Therefore the meaning of the words are clear, and nothing further may be done in search of the parties intent.

Accordingly,

Plaintiff's Motion for Partial Summary Judgement is **DENIED**.

New Orleans, Louisiana this the 2nd day of August, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] *See* LA. DEPT. INS., INSURANCE BULLETIN NO. 06-06.